**Amar Jeet SINGH, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 05–71637.**

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 20, 2007.*

Filed March 1, 2007.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Judith Lott, Newark, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, William C. Peachey, Lisa A. Watts, Esq., DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: BEEZER, FERNANDEZ and McKEOWN, Circuit Judges.

## MEMORANDUM **

Amar Jeet Singh, a native and citizen of Fiji, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying his applications for asylum, withholding of removal and protection under the Convention Against Torture ("CAT"). Reviewing for substantial evidence, *Li v. Ashcroft*, 378 F.3d 959, 962 (9th Cir.2004), we dismiss in part and deny in part the petition for review.

We lack jurisdiction to review the BIA's April 27, 2005 order denying Singh's motion to reopen because he failed to petition this court for review of that decision. *See Martinez–Serrano v. INS*, 94 F.3d 1256, 1258 (9th Cir.1996).

We also lack jurisdiction to review Singh's contention that the IJ prevented him from presenting his case, because he failed to raise it before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir.2004) (holding that due process chal-

** This disposition is not appropriate for publication and is not precedent except as provid-

lenges that are "procedural in nature" must be exhausted).

Substantial evidence supports the agency's adverse credibility determination based on significant inconsistencies between Singh's testimony and his written asylum application regarding his alleged beating in 1987. These inconsistencies, regarding how Singh escaped from his assailants and whether he was beaten unconscious, go to the heart of his claim. *See Li*, 378 F.3d at 964. In the absence of credible testimony, Singh failed to demonstrate eligibility for asylum or withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir.2003).

Because Singh's CAT claim is based on the same testimony that the agency found not credible, and he points to no other evidence the agency should have considered, his CAT claim also fails. *Id.* at 1157.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**